**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TEMPIE M. EVANS,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
AT-1221-15-0380-C-1

DATE: March 4, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Raymond Mitchell, Columbia, South Carolina, for the appellant.

Edith W. Lewis, Esquire, Columbia, South Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On August 3, 2015, the appellant filed a petition for enforcement alleging that the agency had taken no action to implement a settlement agreement entered into between her and the agency that resolved her previous appeal, and thus, the agency was not in compliance. Compliance File (CF), Tab 1. In the settlement agreement the agency agreed to do the following things:

> a. Pay Appellant a lump sum of thirty thousand dollars ($30,000) within thirty calendar days of the parties signing this agreement;
>
> b. Provide Appellant with a letter documenting its rescission of Appellant's Scope of Practice suspension that was initiated on or about May 27, 2014 within thirty calendar days and take no disciplinary action regarding such suspension;
>
> c. Restore one hundred and twenty hours (120) hours of sick leave within thirty calendar days of Appellant providing dates and hours of such leave to Agency Regional Counsel;
>
> d. Restore two hundred and forty (240) hours of annual leave within thirty calendar days of Appellant providing dates and hours of such leave to Agency Regional Counsel;
>
> e. Rate Appellant highly satisfactory on her proficiency for the period March 29, 2014 through March 28, 2015.

*Id*.

¶3     The agency filed a response in which it submitted evidence showing that it had paid the appellant $30,000, and the appellant admitted that she received the payment.  CF, Tab 3, Exhibit (Ex.) 2; CF, Tab 4.  Thus, the administrative judge found the agency in compliance with the lump sum payment as required by the settlement agreement.   CF, Tab 9, Compliance Initial Decision (CID) at 3.  Regarding the rescission letter, the agency submitted a letter from the Medical Center Director addressed to the appellant advising her that her Scope of Practice Suspension had been rescinded.  CF, Tab 3, Ex. 3.  Although the appellant argued below that the date on the letter is illegible and renders it inadequate to submit to the Bureau of Drug Control, the administrative judge found the agency in compliance with the requirements set out in the settlement agreement concerning the rescission letter.  CID at 3-4.

¶4     Regarding the sick and annual leave restoration provisions, the appellant alleged that the agency had restored 32 hours of annual leave and 16 hours of sick leave instead of the total leave required by the settlement agreement.  CF, Tab 4.  In response, the agency asserted that it had restored "all hours submitted by Appellant where applicable," but had not fully restored the amount of hours set out in the settlement agreement because the appellant did not provide the proper dates to be restored.  The agency asserted that a delay had resulted because it was necessary to perform a leave audit to determine the actual dates of leave used before restoring the remaining leave.   The agency stated that it was making diligent efforts to identify and restore the appellant's leave used since July 9, 2015.  CF, Tab 8.  Noting that the appellant failed to respond to the agency's assertions in this regard, the administrative judge determined that, based on the explicit terms in the settlement agreement, the agency's requirement to restore the appellant's leave was contingent on the appellant providing information to the agency of "the dates and hours of such leave."  CF, Tab 1.  The administrative judge found further that the agency is in compliance with the provision to restore the sick and annual leave hours for dates and hours provided by the appellant for

leave used, and to the extent the appellant's leave had not been fully restored, it is because the appellant has failed to provide the dates and hours as required by the settlement agreement.  CID at 4-5.

¶5    Finally, regarding the appellant's performance rating, the agency submitted evidence that it had completed the appellant's highly satisfactory proficiency rating on August 4, 2014.  CF, Tab 6, Ex. 4.  The appellant conceded that this requirement of the settlement agreement has been completed.  Thus, the administrative judge found that the agency has complied with this provision of the settlement agreement.  Accordingly, because the administrative judge determined that the agency is in compliance with all provisions of the settlement agreement, she denied the appellant's petition for enforcement.

¶6    The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 10 (2010).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Id.* (citing *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988)).  Where an appellant files a petition for enforcement of a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement.  *Eagleheart v. U.S. Postal Service*, 110 M.S.P.R. 642, ¶ 9 (2009).  The appellant, however, bears the burden of proving by preponderant evidence that there was a breach of the settlement agreement.  *Williams v. Department of Health & Human Services*, 114 M.S.P.R. 11, ¶ 6 (2010); *Vaughan v. U.S. Postal Service*, 77 M.S.P.R. 541, 546 (1998).  Further, the appellant must show not only that the agency acted in a manner that is inconsistent with a term of the settlement agreement, but that there was material noncompliance with a settlement term. *Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007).  A breach is material when it relates to a matter of vital importance or goes to the essence of the contract. *Thomas v. Department of Housing & Urban Development*, 124 F.3d

1439, 1442 (Fed. Cir. 1997); *Caston v. Department of the Interior,* 108 M.S.P.R. 190, ¶ 17 (2008).

¶7        In construing a contract, one looks first to the terms of the agreement to determine the intent of the parties at the time they contracted, as evidenced by the contract itself.   *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 9 (2001). Extrinsic evidence of intent should be considered only if the terms of the agreement are ambiguous; a contract is ambiguous when it is susceptible to differing, reasonable interpretations. *Id.*

¶8        Here, the appellant reasserts on review that the date on the letter advising her that her Scope of Practice Suspension had been rescinded is illegible and inadequate to submit to the Bureau of Drug Control.   Compliance Petition for Review (CPFR) File, Tab 1.   However, as the administrative judge found, the explicit terms of the settlement agreement required the agency to provide the appellant with a letter that documented that it had rescinded her Scope of Practice suspension.  The settlement agreement does not provide any specific language for the rescission letter, nor does it require that the letter be adequate to submit to the Bureau of Drug Control.  While the appellant continues to argue that the letter is not specific enough, that the date of issuance is not legible, or that she did not receive the original copy of the letter, we find that the words of the written settlement agreement, which are of paramount importance, are not reasonably susceptible to such an interpretation, and thus, are not ambiguous.   Thus, we agree with the administrative judge that the letter provided by the agency fulfills the requirements set out in the settlement agreement.

¶9        Similarly, the appellant reasserts her claim that the agency did not restore all of her sick and annual leave within the 30 days set forth in the settlement agreement.   CPFR File, Tab 1.   However, under the terms of the settlement agreement, which are explicit and not ambiguous, the agency agreed to restore the appellant's annual and sick leave "within thirty calendar days of Appellant providing dates and hours of such leave to Agency Regional Counsel."   CF,

Tab 1. The agency submitted documentation below showing that it is in the process of complying with the restoration of the leave as set forth in the agreement, and it asserted that, because the appellant did not provide the correct dates as required by the terms of the agreement, the restoration of that leave was delayed because a leave audit was required. CF, Tab 8. The appellant did not respond to the agency's assertions below. On review, the appellant admits that she initially made mistakes on the dates she submitted and she asserts that it is "unacceptable" that the agency has the leave records and still has not fully restored her leave. CPFR File, Tab 1. However, the requirement of restoring the leave within 30 days was explicitly based on the appellant submitting the dates upon which she used annual and sick leave, and the appellant admits that she failed to provide an accurate accounting of her leave. Thus, we agree with the administrative judge that the agency was in compliance with the agreement when it met the 30-day requirement by providing her leave for the correct days and time submitted. Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
William D. Spencer
Clerk of the Board

Washington, D.C.